IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYSON KEITH EAGLEMAN,<br><br>Defendant. | CR 20-17-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Tyson Keith Eagleman (Eagleman) has been accused of violating the conditions of his supervised release. Eagleman admitted alleged violations 1 and 2. Eagleman denied alleged violation 3. The government satisfied its burden of proof with respect to alleged violation 3. Eagleman's supervised release should be revoked. Eagleman should be placed in custody for 10 months, with no supervised release to follow. Eagleman should not serve his term of custody at FCI Herlong in California.

## II. Status

Eagleman pleaded guilty to Abusive Sexual Contact. (Doc. 2-2). Chief United States District Judge for the District of North Dakota Daniel L. Hovlan

sentenced Eagleman to 18 months of custody, followed by 5 years of supervised release. (Doc. 2-3). Jurisdiction over Eagleman's supervised release was transferred to the United States District Court for the District of Montana on January 15, 2021. (Doc. 2-4). Eagleman's current term of supervised release began on May 5, 2021. (Doc. 21 at 2).

**Petition**

The United States Probation Office filed a Petition on September 22, 2021, requesting that the Court revoke Eagleman's supervised release. (Doc. 21). The Petition alleged that Eagleman had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing; 2) by failing to report for sex offender treatment; and 3) by consuming alcohol.

**Initial appearance**

Eagleman appeared before the undersigned for his initial appearance on October 19, 2021. Eagleman was represented by counsel. Eagleman stated that he had read the petition and that he understood the allegations. Eagleman waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on October 19, 2021. Eagleman

admitted that he had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing; and 2) by failing to report for sex offender treatment. The government satisfied its burden of proof with respect to alleged violation 3. The violations are serious and warrant revocation of Eagleman's supervised release.

Eagleman's violations are Grade C violations. Eagleman's criminal history category is IV. Eagleman's underlying offense is a Class E felony. Eagleman could be incarcerated for up to 12 months. Eagleman could be ordered to remain on supervised release for up to life, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III. Analysis

Eagleman's supervised release should be revoked. Eagleman should be incarcerated for 10 months, with no supervised release to follow. Eagleman should not serve his term of custody at FCI Herlong in California. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Eagleman that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Eagleman of his right to object to these Findings and Recommendations

3

within 14 days of their issuance. The Court explained to Eagleman that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. The Court also informed Eagleman of his right to allocute before Judge Morris.

The Court **FINDS:**

> That Tyson Keith Eagleman violated the conditions of his supervised release: by failing to report for substance abuse testing; by failing to report for sex offender treatment; and by consuming alcohol.

The Court **RECOMMENDS:**

> That the District Court revoke Eagleman's supervised release and commit Eagleman to the custody of the United States Bureau of Prisons for 10 months, with no supervised release to follow. Eagleman should not serve his term of custody at FCI Herlong in California.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure

to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 19th day of October, 2021.

/s/ John Johnston
John Johnston
United States Magistrate Judge

5